UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                      CRIMINAL NO. 3:16-CR-98-DPJ-FKB

LESTER LEVELL SINGLETON

ORDER

Defendant Lester Levell Singleton has filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Mot. [146]. For the following reasons, Singleton's motion is denied.

I.    Facts and Procedural History

On December 7, 2016, the federal grand jury returned an indictment charging Singleton with six counts related to the manufacture and distribution of synthetic marijuana. On November 28, 2017, Singleton pleaded guilty to a single count of importation of a controlled substance, and on March 20, 2018, the Court sentenced him to a bottom-of-the-guidelines 108-month term of incarceration. Singleton, a 37-year-old African-American man with hypertension, is currently housed in the minimum-security facility in Yazoo City, Mississippi (FCI Yazoo City Low).[1] Fearing he will face significant complications if he contracts COVID-19, given his underlying health condition, Singleton asks the Court to modify his sentence to time served and order his release.

---

[1] As of September 21, 2020, five staff members and no inmates at FCI Yazoo City Low have active cases of COVID-19. Three inmates housed there have died from the virus, and 94 inmates and nine staff members have recovered from COVID-19. Between the two other facilities in Yazoo City, an additional 20 inmates and 13 staff members have active COVID-19 cases, one inmate has died from the virus, and 74 inmates and 22 staff members have had and recovered from COVID-19.

II.     Analysis

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Government does not dispute that Singleton exhausted as required by the statute. So the question before the Court is whether, "considering the factors set forth in [§] 3553(a)," "extraordinary and compelling reasons warrant" a reduction in Singleton's sentence, "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

In a slightly different context, the Supreme Court found the Sentencing Commission's applicable policy statements binding on district courts. *See Dillon v. United States*, 560 U.S. 817, 830 (2010) (considering § 3582(c)(2), which permits a sentence reduction where the applicable guideline range has been lowered "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). But the question is whether there is presently an applicable policy statement because "[t]he Sentencing Commission has not issued a relevant policy statement since 18 U.S.C. § 3582(c)(1)(A) was amended to permit defendants to file motions for compassionate release" on their own behalves. *United States v. Woods*, No. 1:17-CR-118-LG-JCG, 2020 WL 3452984, at *2 (S.D. Miss. June 24, 2020).

Many courts continue to follow the prior policy statement, United States Sentencing Guideline § 1B1.13, but some do not. *Compare id.* (citing *United States v. York*, Nos. 3:11-CR-76, 3:12-CR-145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019) (holding that "courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction")), *with United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019) (concluding after amendment of § 3582(c)(1)(A) that "the Director's prior 'interpretation of "extraordinary and compelling" reasons is informative,' but not dispositive" (quoting *United States v. Adams*, No. 6:94-CR-302, 2019 WL 3751745, at *3 (M.D.N.C. Aug. 8, 2019))).

The Fifth Circuit recently affirmed the denial of a compassionate-release motion in a case in which the district court "cite[d] to and quote[d] § 1B1.13." *United States v. Gonzalez*, No. 19-50305, 2020 WL 5352078, at *1 (5th Cir. Sept. 4, 2020). It found no error where "the order's reference to the Guidelines [c]ould fairly be read as one step in the district court's own determination of whether extraordinary and compelling reasons warrant a reduction of [the defendant's] sentence." *Id.* Like the district court in *Gonzalez*, this Court will continue to consider § 1B1.13 as part of its analysis of whether extraordinary and compelling reasons support a sentence modification. *See Woods*, 2020 WL 3452984, at *2 ("Regardless of whether the policy statement remains binding, it continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release.").

Section 1B1.13 "essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant 'not be a danger to the safety of any other person or to the community.'" *United States v. Dunlap*, No. 1:02-CR-165, 2020 WL 2062311, at *1 (M.D.N.C. Apr. 29, 2020) (quoting U.S.S.G. § 1B1.13(2)). The application notes to § 1B1.13

provide examples of extraordinary and compelling reasons to grant a compassionate release.

Application Note 1 states:

> Provided the defendant [is not a danger to the safety of any other person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant --
>
> (i) The defendant is suffering from a terminal illness[.]
>
> (ii) The defendant is [suffering from a health condition] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant -- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances --
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other reasons -- As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

Singleton does not suggest that his hypertension fits within Application Note 1(A), and he does not contend that subsections (B) or (C) apply. Instead, he argues that the mere threat of a COVID-19 infection, given his underlying hypertension, constitutes an extraordinary and compelling reason for a sentence modification. The CDC has stated that "[b]ased on what we know at this time, people with [hypertension of high blood pressure] **might be at an increased**

**risk** for severe illness from COVID-19." Centers for Disease Control, Coronavirus Disease 2019, People at Increased Risk of Severe Illness, People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Sept. 11, 2020) (emphasis in original).

Nevertheless, a number of courts have rejected the argument that the potential increased risk justifies a sentence modification. *See United States v. Chambers*, No. 18-47, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020) (collecting cases). Were Singleton correct that his medical condition entitles him to compassionate release, every inmate with an underlying condition that might lead to an increased risk for complications in the event of a COVID-19 infection would present extraordinary and compelling reasons for a sentence modification.

Moreover, the § 3553(a) factors do not support a sentence modification. Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kids of sentences available;

>   (4) the kinds of sentences and the sentencing range established for—
>
>>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]
>
>   . . . .
>
>   (5) any pertinent policy statement . . . [;]
>
>   . . . .
>
>   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>   (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Singleton's 108-month term of incarceration was at the bottom of the applicable guideline range of imprisonment. With a projected release date in July 2025, Singleton has more than 57 months remaining on his sentence; he has served less than 50% of the sentence the Court considered appropriate the first time it applied the § 3553(a) factors. The nature and circumstances of the offense rendered that sentence appropriate then, and Singleton's good behavior while incarcerated does not change the analysis as to that factor. Moreover, were the Court to agree to Singleton's release now, he would have served significantly less time than his less culpable co-defendant, who, unlike Singleton, had not "actually participated in manufacturing the drugs." Tr. [97] at 19. Simply put, a sentence reduction would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense of conviction, or acknowledge the need to avoid sentencing disparities.

III.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Singleton's motion for compassionate release [146] is denied.

**SO ORDERED AND ADJUDGED** this the 24th day of September, 2020.

                                                s/ *Daniel P. Jordan III*
                                                CHIEF UNITED STATES DISTRICT JUDGE